```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TENNESSEE
            WESTERN DIVISION
```

| | |
|---|---|
| YOUNGSOO S. LEE, | ) |
|     Plaintiff, | ) |
| vs. | ) No. 13-2189-JPM/tmp |
| BANK OF AMERICA, N.A., et al. | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

Before the court by order of reference is defendants Bank of America, N.A., BAC Home Loan Services, and Mortgage Electronic Registration Systems, Inc.'s (collectively, "Defendants") Motion to Dismiss, filed on March 28, 2013. (ECF No. 5.) On April 19, 2013, *pro se* plaintiff Youngsoo S. Lee filed a response in opposition. (ECF No. 7.) For the reasons below, it is recommended that the Motion to Dismiss be granted and that the complaint be dismissed with prejudice.

In order to resolve the instant motion, the court must first discuss Lee's complaint which was filed in Lee v. Bank of America et al., 2:11-cv-2740-JPM-dkv (W.D. Tenn. 2011) (hereinafter "Lee I"). Lee filed a complaint on August 29, 2011, against the same Defendants named in the current action. Through her complaint, Lee sought various forms of relief based on a series of state and federal claims. The causes of action listed in her complaint included Temporary and Permanent Restraining Order; Declaratory Relief; Injunction; Violation of Consent Decree; Rescission of Deed

of Trust; Violations of Home Ownership Equity Protection Act; Fraud; Real Estate Settlement Procedures Act; Federal Truth in Lending Act; Fraudulent Misrepresentation; Breach of Fiduciary Duty; Unjust Enrichment; Civil Conspiracy; Civil RICO; Quiet Title; Usury; Predatory Lending; Unfair Debt Collection; and Damages. Lee's allegations and claims for relief all related to the foreclosure of her house in Memphis, Tennessee. On October 14, 2011, the Defendants filed a motion to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). Lee failed to respond to the motion within the required time. On February 27, 2012, the district court issued an order to show cause, ordering Lee to respond and warning that a failure to respond would result in the dismissal of the action with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Lee did not respond to the show cause order. Thus, on March 29, 2012, the district court entered an order dismissing Lee's action with prejudice, pursuant to Rule 41(b). Lee appealed the district court's decision on April 27, 2012, and the Sixth Circuit affirmed the district court's dismissal of the complaint with prejudice.

On January 23, 2013, Lee filed the instant *pro se* complaint in the Chancery Court of Shelby County, Tennessee. The Defendants removed the action to this court on March 27, 2013. The instant complaint alleges the same facts that were alleged in the Lee I complaint regarding Lee's loan agreement with the Defendants and the foreclosure of Lee's house. Some facts have been omitted in the current complaint, but no new allegations have been added. With respect to the causes of action, the new complaint states

claims for relief under Rescission of Deed of Trust; Violations of Home Ownership Equity Protection Act; Fraud and Fraudulent Misrepresentation; Civil RICO; Quiet Title; and Declaratory Relief. On March 28, 2013, Defendants filed the instant motion to dismiss, arguing for dismissal on *res judicata* grounds. Lee filed a response to the motion on April 19, 2013.

In an earlier case, this court noted that the doctrine of *res judicata* bars subsequent claims by parties or their privies based on the same cause of action. Trent v. Shelby Cnty. Gov't, No. 2:08-cv-2797-JPM-cgc, 2009 WL 6066974, at *1 (W.D. Tenn. Jul. 30, 2009)(citing Rivers v. Bariton Bd. of Educ., 143 F.3d 1029, 1031 (6th Cir. 1998) and Cane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995)). "For *res judicata* to apply, the moving party must show: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in a subsequent action which was litigated or which should have been litigated in the prior action; and 4) an identity of the causes of action." Id.

The court finds that *res judicata* bars this subsequent action. Dismissal of a complaint pursuant to Rule 41(b) for failure to prosecute or comply with a court order "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); Bragg v. Flint Bd. of Educ., 570 F.3d 775, 777 (6th Cir. 2009). The district court's dismissal of Lee's action in Lee I was affirmed by the Sixth Circuit. Thus there has been a final decision on the merits of Lee's prior complaint. The instant action by Lee names the exact same Defendants as those named in Lee I, satisfying the second

element.  All of the factual allegations and issues raised in the instant complaint are contained, verbatim, in the prior complaint. Indeed, the complaint in Lee I contains additional facts and causes of action not alleged in the present complaint.  Therefore, because all issues in the instant complaint were raised and litigated in the prior action, the third element is met.  Finally, the causes of action listed in Lee's current complaint are also identical to those contained in the prior complaint.  Therefore, the fourth element is satisfied.

## RECOMMENDATION

The court finds that all of the issues raised and causes of action brought in Lee's instant complaint are identical to those asserted in Lee I against the same set of Defendants.  Because Lee I was decided on the merits by the district court, and that decision was affirmed by the Sixth Circuit on appeal, it is recommended that the complaint be dismissed with prejudice on *res judicata* grounds.

Respectfully Submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

May 8, 2013
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY.  FED. R. CIV. P. 72(B)(2).  FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**